UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI, | Case No. 1:20-cv-00501-BLW |
| Plaintiff, | |
| vs. | **INITIAL REVIEW ORDER BY SCREENING JUDGE** |
| ISCI PARALEGAL, | |
| Defendant. | |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims without amendment.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges that the prison paralegal at the Idaho State Correctional Institution denied him the right to access the court when the paralegal would not let him mail out "legal mail on multiple occasions." (Dkt. 3, p . 2.) Plaintiff also complains that the

paralegal refused to make copies of written motions and affidavits. Plaintiff asserts First Amendment causes of action against the prison paralegal and requests compensatory damages of $1,000.00. (*Id.*)

## 2. Standards of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id*. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id*. at 415-17.

### 3.  Discussion and Conclusion

Plaintiff may not proceed on his claims because has not provided facts showing that he lost a nonfrivolous or arguable claim related to a direct criminal appeal, habeas petition, or civil rights action. If he desires to amend to attempt to show that he is being denied the ability to pursue such a claim in violation of his federal constitutional rights, he may file an amended complaint. It must specifically state in detail the claims that he intended but could not bring as a result of the prison paralegal's actions, as well as factual

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

allegations that meet the other elements of an access to courts claim as specified in the standard of law set forth above.

### 4.  Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order specifies the elements of the causes of action. Each element needs factual support. Plaintiff can provide factual support without the help of an attorney.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case.

**ORDER**

**IT IS ORDERED:**

1.  Because Plaintiff's Complaint fails to state a claim upon which relief can be

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

granted, if he desires to proceed, he must submit an amended complaint, consistent with the guidelines set forth above, within **30 days** after entry of this Order. Failure to do so will result in dismissal of this action for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

DATED: November 18, 2020

B. Lynn Winmill
U.S. District Court Judge